Burket, J.
The only question worthy of report is, as to the true construction of the oil lease in regard to the payment of rentals. All the terms and conditions of the lease in that regard are the following : “In case no well is completed within thirty days *610 from this date, then this grant shall become null and void, unless second party shall pay to said first party thirty dollars each and every month in advance while 'Such completion is delayed. * * * It is understood that the monthly rental shall apply to any well or wells not completed as herein specified.”
It was in said lease specified that a well should be completed every sixty days from date of lease on east forty acres until six wells should be completed thereon, and that a well should be completed every ninety days on the west forty, after the completion of the sixth well on the east forty.
A well was completed on the east forty within thirty days after the date of the.lease, and as to that well there was full performance, and the lease was thereby saved from forfeiture, as to the first well. The same is true of the second well. But no third or other well was ever completed, and thereby the agreement in the lease as to completing such other wells, was broken, and now the question arises as to the remedy for such breach of contract.
The plaintiff below claims that in the words, “unless second party shall pay to said first party thirty dollars each and every month in advance while such completion is delayed,” there lies a promise to pay thirty dollars per month for such delay. This is not tenable. The full force and effect of this “unless” clause, taken by itself, is, to give the lessee the option by making such payment to continue the lease in force to the end of the term without completing the first well, or upon failure to make such payment, allow the lease to become null and void at the end of thirty days after the date of the lease. Brown v. Fowler, 65 Ohio St., 507.
*611 There is no promise or obligation in this lease to pay rental to the lessor for failing to complete the first well, bnt only a privilege to pay such rental at the option of the lessee to prevent the lease from becoming null and void.
As the only monthly rental provided for in the lease is that found in this “unless” clause, and as that rental is to prevent the lease from becoming null and void, it seems fairly clear that the subsequent understanding that the monthly rental should apply to any well or wells not completed as therein specified, is for the same purpose, that is, to prevent the lease from becoming null and void, and that upon failure to pay such monthly rental in advance while the completion of any well was so delayed, the lease by its terms became null and void, and the lessor had the option to so treat the lease, and recover possession, or recover for use and occupation, or recover damages for breach of contract to drill the wells specified in' the lease, but she could not recover rentals for breach of contract to complete wells, because there is no agreement to pay rentals for such breach, and there being no such agreement, there can be no breach thereof.
In Woodland Oil Co. v. Crawford, 55 Ohio St., 161, the lessee agreed to drill certain wells and upon failure, to pay certain rentals, It was held that the lessor might elect to enforce the contract to drill, or waive that, and enforce the promise to pay rental.. There the option was with the lessor. Here, as there-is no promise to pay rental, the option is with the lessee, either to drill or pay rental to keep his lease alive, and failing in both, the lease becomes null and void, with an option however in the lessor to treat it *612 as void, or to sue for damages for breach of the contract to complete the wells as specified in the lease.
As the action below was for the recovery of rentals under the lease, and as the lease contains no promise to pay rentals, the plaintiff under a correct construction of the lease has no cause of action for rentals, and the judgments of the lower courts must therefore be reversed and petition dismissed, but without prejudice to the bringing of such other action for the breach of said contract to complete- wells, as máy be authorized by law.

Judgments reversed and judgment for plaintiff in error.

Spear, Davis, Shaucic and Price, JJ., concur.